U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
JUL 19 2010
CLERK, U.S. DISTRICT COURT
By ________
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BOBBY LEE VICKERY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:10-CV-249-A |
| | § | |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Bobby Lee Vickery, a state prisoner currently incarcerated in Rosharon, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

## I. Factual and Procedural History

On September 1, 2004, in two separate criminal cases tried together, a jury found petitioner guilty on two counts of indecency with a child by contact in the Criminal District Court

Number Four of Tarrant County, Texas, and the trial court assessed his punishment at 25 years' imprisonment in cause number 0890792D and 30 years' imprisonment in cause number 0890810D. (Clerk's R. at 177 & 171, respectively) Petitioner appealed his convictions, but the Second District Court of Appeals of Texas affirmed the trial court's judgments, and, on February 15, 2006, the Texas Court of Criminal Appeals refused his petitions for discretionary review. *Vickery v. Texas*, Nos. 2-04-422-CR & 2-04-423-CR, slip op. (Tex. App.-Fort Worth Sept. 15, 2005) (not designated for publication); Vickery v. Texas, PDR Nos. 1648-05 & 1649-05. Petitioner did not seek writ of certiorari. (Pet. at 3)

Petitioner also sought state postconviction habeas relief by filing four relevant applications for writ of habeas corpus. On November 9, 2007, petitioner filed two of his state habeas applications, one for each conviction, which were denied by the Texas Court of Criminal Appeals without written order on January 16, 2008. *Ex parte Vickery*, Appl. Nos. WR-65,734-03 & -04, at cover. On June 3, 2009, petitioner filed his third application, which was denied by the Texas Court of Appeals on July 8, 2009, without written order. *Id.*, Appl. No. WR-65,734-05, at cover. On December 18, 2009, petitioner filed his fourth habeas

application, which was dismissed by the Texas Court of Criminal Appeals on February 17, 2010, as an abuse of the writ. This petition was filed on March 4, 2010, in which petitioner challenges his 2004 convictions and/or sentences on two grounds.[1] Respondent contends the petition is untimely.

## II. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. Section 2244(d) provides:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the

[1]*See Spotville v. Cain,* 149 F.3d 374, 377 (5th Cir. 1998) (holding, under prison mailbox rule, pro se habeas petition filed when papers delivered to prison authorities for mailing). Although petitioner does not provide the date on which he tendered his petition to prison authorities for mailing, he executed the petition on March 4, 2010.

Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgments of conviction became final by the expiration of the time for seeking direct review. For purposes of this provision, petitioner's convictions became final and the one-year limitations period began to run upon expiration of the time that petitioner had for filing a petition for writ of certiorari in the United States Supreme Court on May 16, 2006, and closed one year later on May 16, 2007, absent any tolling. *See id.* § 2244(d)(1)(A); *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998); SUP. CT. R. 13.

Petitioner's state habeas applications filed after limitations had already expired did not operate to toll the

federal limitations period under § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has petitioner alleged or demonstrated rare and exceptional circumstances that would justify equitable tolling. *See United States v. Petty*, 530 F.3d 361,364-65 (5th Cir. 2008); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). A prisoner's pro se status, unfamiliarity with the law and the legal process, limited access to the prison's law library, and inadequacies in the law library are common problems among inmates who are trying to pursue postconviction habeas relief. *See Scott*, 227 F.3d at 263; *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. (1999). Such circumstances are incident to ordinary inmate status and do not constitute extraordinary circumstances.

Petitioner's federal petition was due on or before May 16, 2007, absent statutory or equitable tolling. Petitioner's petition filed on March 4, 2010, was filed beyond the limitations period and is, therefore, untimely.

For the reasons discussed herein,

The court ORDERS petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed

as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not made a substantial showing of the denial of a constitutional right.

SIGNED July 19, 2010.

JOHN McBRYDE
United States District Judge